United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. SIMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 16-cv-04435-JCS<br><br>**ORDER GRANTING IN PART MOTION FOR AWARD OF ATTORNEYS FEES**<br><br>Re: Dkt. No. 33 |

## I. INTRODUCTION

Plaintiff's attorney, Steven G. Rosales, has applied for attorney fees permitted by section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), for representing Plaintiff before this Court under a written contingent-fee agreement. Counsel's Motion for Attorney Fees ("Motion"), Dkt. No. 33. In the Motion, Counsel asks the Court to award $14,921.00 in attorney fees, which constitutes 25% of the past due benefits that were awarded to Plaintiff upon remand to the Social Security Commissioner. For the reasons stated below, the Court finds that counsel's reasonable fees amount to $5,968.51, that is, 10% of Plaintiff's back pay award, and therefore GRANTS the Motion and reduces the award accordingly.[1]

## II. PROCEDURAL BACKGROUND

After receiving a final denial of an application for disability benefits under the Social Security Act, Plaintiff filed this action seeking judicial review under 42 U.S.C. § 405(g). Pursuant to a stipulation of the parties extending the original briefing dates set by the Court, Plaintiff's summary judgment motion was due on April 10, 2017. Dkt. No. 16. The Court extended that

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

deadline to May 25, 2017 pursuant to another stipulation. Docket No. 19. On June 15, 2017, when Plaintiff had not yet filed a motion for summary judgment, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute, requiring counsel to respond by June 29, 2017. Dkt. No. 20. Mr. Rosales, who practices with the Law Offices of Lawrence D. Rohlfing, filed a response one day late, on June 30, 2017, explaining that the delay was the result of a personal tragedy. He filed a motion for summary judgment the same day, and the Commissioner filed a cross-motion on August 4, 2017. Although Plaintiff was permitted to file a reply, Mr. Rosales chose not to file one.

Plaintiff's motion for summary judgment was thirteen pages long. The motion fell far below the standard that is expected of attorneys who practice in this Court. As Judge Corley recently pointed out, the motion for summary judgment that was filed in this case was in large part "boilerplate" that Mr. Rosales has used in numerous other cases. *See Stevens v. Berryhill*, Case No. 17-cv-3623 JSC, Dkt. No. 26 (Order Striking Plaintiff's Motion for Summary Judgment And Ordering Plaintiff's Counsel To Show Cause), filed September 17, 2018.[2] As in *Stevens*, the motion for summary judgment file in this action reflected little familiarity with the record and often alternated between using "he" and "she" in referring to Plaintiff; similarly, Plaintiff was sometimes referred to as "Mr. Simmons" and other times referred to as "Ms. Simmons" in the

---

[2] In her Order, Judge Corley noted that Mr. Rosales had been filing "boilerplate" summary judgment motions in countless cases and specifically cited the summary judgment motion filed in this action, stating:

> The Court has reviewed the dockets of other cases filed by Mr. Rosales in this District and notes that the brief he filed in this case is nearly identical to that he filed in *Rosales v. Berryhill*, No. 17-823 SK, Dkt. No. 21 (N.D. Cal. Sept. 11, 2017). In fact, the erroneous record citation to a male plaintiff with substance abuse issues in Plaintiff's brief here is taken from the *Rosales* case. Compare Dkt. No. 22 at 7:19-22 with Rosales, Dkt. No. 21 at 7:22- 24. The few portions of the brief in this case which are not the same as the brief in Rosales are nearly identical to the brief in *Simmons v. Berryhill*, No. 16-4435 JCS, Dkt. No. 23 (N.D. Cal. June 30, 2017). Compare Dkt. No. 22 at 9:1-10:2 with Simmons, Dkt. No. 23 at 9:3-10:5. *See also Walsh v. Colvin*, No. 15-2737 KAW, Dkt. No. 29 (N.D. Cal. Sept. 14, 2016) (similar boilerplate motion for summary judgment).

*Id.* at 2.

motion. Despite these shortcomings, the Court concluded that Plaintiff had sufficiently raised the main issues in the case and that the Commissioner had erred in denying benefits. Accordingly, the Court granted Plaintiff's motion and remanded for award of benefits. Dkt. No. 28.

Pursuant to the parties' stipulation, the Court ordered payment of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $4,000.00. Dkt. No. 32.

## III. ANALYSIS

### A. Legal Standard

This Court has jurisdiction to determine the reasonableness of the requested fees pursuant to 42 U.S.C. § 406(b)(1)(A), which provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past due benefits to which the claimant is entitled by reason of such judgment." In *Gisbrecht v. Barnhart*, the Supreme Court held that Section 406(b) does not "displace" contingent fee arrangements as the "primary means by which fees are set for successfully representing Social Security benefits claimants in court." 535 U.S. 789, 807 (2002). Rather, under this provision the court is to act as "an independent check" to assure that contingency fee agreements between Social Security claimants and their attorneys will "yield reasonable results in particular cases." *Id*. Thus, the starting point for the analysis is consideration of the contingent fee arrangement rather than the usual lodestar approach to calculating reasonable attorneys' fees. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009). According to the Ninth Circuit, under *Gisbrecht*, "[t]he Supreme Court's clear directive [was] that the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id*. In conducting this analysis, the Court may consider the lodestar amount as an "aid" but that amount is not considered presumptively reasonable. *Gisbrecht*, 535 U.S. at 807.

After the Court has determined the reasonable amount of § 406(b) attorney fees, it must take into account the fees paid by the Government under EAJA by requiring the claimant's

attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Gisbrecht*, 535 U.S. at 796.

**B. Discussion**

Plaintiff Christopher Simmons entered into a contingent fee agreement with the Law Offices of Lawrence D. Rohlfing and Steven Rosales, promising to pay 25% of any back pay award obtained as a result of the court's reversal of the Commissioner's denial of benefits. *See* Docket 33-1 (Contingency Fee Agreement). Under that agreement, Plaintiff's counsel is entitled to $14,921.00, which is 25% of the back pay that was awarded to Plaintiff by the Commissioner after the case was remanded, so long as the Court finds that that amount is reasonable under the standards set forth above. The Court finds that this amount is not reasonable because of the delay associated with filing of the summary judgment motion and the substandard quality of the representation that was provided; the Court also finds that the fees Mr. Rosales requests would constitute a windfall in light of the circumstances of this case.

With respect to the delay, the Social Security Procedural Order in this case required that Plaintiff file his motion for summary judgment 28 days after Defendant filed an answer. *See* Dkt. No. 4. As the answer was filed on January 11, 2018, Plaintiff's summary judgment motion would have been due by February 8, 2018. Instead, Plaintiff requested two extensions and failed to meet even the extended May 25, 2018 deadline, ultimately filing his summary judgment motion on June 30, 2018 – almost a full year after filing the initial complaint and many months after the deadline established in the original scheduling order. Courts have recognized that delay is an appropriate basis for reducing a fee award under Section 406(b) and the Court finds that such a reduction is appropriate in this case. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (finding that "delay is probably the most common problem encountered" in determining whether a contingent fee award under Section 406(b) is reasonable, and noting that "because the award is based on the amount of 'past-due' benefits which increase as time passes, a lawyer is almost always financially served by delay in a final decision on the claim."); cited with approval in *Crawford,* 586 F.3d at 1148.

Even more troubling is the substandard quality of Mr. Rosale's representation with respect

to the single pleading he filed on Plaintiff's behalf, the summary judgment motion. The motion was largely boilerplate, with almost no discussion of the specific facts of the case or application of legal standards to those facts. *See Rodriquez*, 865 F.2d at 747 (6th Cir. 1989)("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate."). Although the Court granted Plaintiff's motion, counsel's inadequate brief (and failure to file a reply to the Commissioner's summary judgment motion) significantly increased the risk that Plaintiff would *not* prevail. His failure to address the specifics of his claims and apparent lack of familiarity with the record also imposed a significant burden on the Court.

Finally, the Court concludes that the fees that Mr. Rosales seeks would constitute a windfall. Counsel has provided billing records attesting that he devoted 18.9 hours to this case, of which he says 17.3 hours were devoted to the summary judgment motion. *See* Dkt. No. 33-4. To the extent this representation is accurate, this amount of time is entirely unreasonable given the poor quality of Plaintiff's brief. As noted above, counsel did not summarize the record or point to relevant evidence in the record to support his arguments; his legal arguments also did not reflect any significant legal research as he used boilerplate legal standards recycled from other briefs. Given these shortcomings, no more than three hours would be reasonable for counsel's work on the summary judgment motion. In other words, a reasonable amount of attorney hours for the work performed in this case would be no more than five hours, which assumes that all of the other time listed on the billing record submitted by Mr. Rosales was reasonable. Using that amount, a 25 % contingency fee would give rise to an hourly rate of close to $3,000. The Court is mindful that "[l]odestar fees will generally be much less than contingent fees because the lodestar method tends to under-compensate attorneys for the risk they undertook in representing their clients and does not account for the fact that the statute limits attorneys' fees to a percentage of past-due benefits and allows no recovery from future benefits, which may far exceed the past-due benefits awarded." *Crawford*, 586 F.3d at 1150. Nonetheless, the Court concludes that such an amount would clearly constitute a windfall under the circumstances of this case.

Considering these factors, the Court concludes that a 25% contingency fee gives rise to a

5

fee that is unreasonable; instead, the Court concludes that a 10% contingency fee is reasonable, giving rise to an award of $5,968.51 in attorneys' fees under 42 U.S.C. § 406(b).

## IV. CONCLUSION

For the reasons stated above, the Motion is GRANTED. The Court awards $5,968.51 in attorneys' fees under 42 U.S.C. § 406(b). Counsel shall refund Mr. Simmons the $4,000 previously awarded under the EAJA.

**IT IS SO ORDERED.**

Dated: January 18, 2019

JOSEPH C. SPERO
Chief Magistrate Judge